Andrew T. McKegney, Appellant, v. Van Beuren & New York Bill Posting Company, Respondent.

First Department, May 17, 1918.

**Trespass — unlawful erection of sign upon vacant lot — measure of damages — erroneous dismissal of complaint.**

The measure of damages to unimproved property by the unlawful erection of an advertising sign thereon is the difference in the rental value of the land in its original unobstructed condition and the rental value with the obstruction thereupon.

Where, in an action for such a trespass, there was testimony that with the signboard erected the premises could not be rented at all, and that without the signboard they could have been rented for $1,625, it was error to dismiss the complaint.

Appeal by the plaintiff, Andrew T. McKegney, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 7th day of April, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Edward Miehling* of counsel [*Miehling & Kayser*, attorneys], for the appellant.

*Henry M. Earle* of counsel [*Harold J. Gallagher* with him on the brief; *Charles O. Maas*, attorney], for the respondent.

Dowling, J.:

Plaintiff is the owner of certain premises situate on the west side of University avenue, fifty feet south of One Hundred and Ninetieth street, in the borough of The Bronx, city of New York, in dimensions one hundred feet in width by one hundred in depth. On June 1, 1912, defendant committed acts of trespass upon said premises and, having entered upon the same without right or authority, erected upon the northerly half thereof an advertising sign, which remained thereupon till September 1, 1915. This sign was a substantial structure twelve to fifteen feet high, extending in to a distance of twelve or fifteen feet in depth, and occupying in its entirety the northerly fifty feet of frontage on University avenue. The

trespass was not denied by defendant. The learned trial court dismissed the complaint at the close of plaintiff's case, on the ground that there was no competent proof of damage. While there seems to have been some confusion at the trial as to the exact rule of damage to be applied to the facts established here, the proper rule would seem to be that laid down in *Rumsey* v. *New York & New England Railroad Company* (133 N. Y. 84) which in the case at bar, the property being unimproved, would be the difference in rental value of the plot fifty feet by one hundred (on the front of which the sign was erected) in its original, unobstructed condition, and the rental value of the same plot with the obstruction thereupon which defendant unlawfully erected. The plaintiff produced a witness who, in answer to a question by the court, testified that the lot could not have been rented out for any other purpose with the signboard on it. The trial court took this as proved, for he said, " I think you have established the fact that with that billboard erected in the manner it was erected, that that destroyed the rental value of that property, and I think under the circumstances now you are entitled to show what the reasonable rental value of that lot would be." The same witness gave the value of this plot, fifty feet by one hundred, during the period in question, as $10,000, and swore that for any purpose whatever the rental value of this land would be five or six per cent upon the land value. This would make the rental value of the land at least $500 per year for a period of three years and three months, or a total of $1,625. This fixed the rental value without the signboard thereon. As the testimony was that with the signboard thereon, the premises could not be rented at all, the difference between the two rental values was $1,625. This testimony, if credited by a jury, clearly made a case for more than nominal damages, and the dismissal was, therefore, erroneous.

The judgment appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.